IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
SOUTHERN DIVISION

RECEIVED
2018 APR 19 P 1:03

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

| | |
|---|---|
| PENNY L. SPIVEY, ) | |
| ) | |
| PLAINTIFF, ) | CIVIL ACTION NO.: 1:18-cv-427 |
| ) | |
| v. ) | DEMAND FOR JURY TRIAL |
| ) | |
| ENTERPRISE CITY BOARD ) | |
| OF EDUCATION, AKA ) | |
| ENTERPRISE CITY SCHOOLS, ) | |
| ) | |
| and ) | |
| ) | |
| GREGORY S. FAUGHT, ) | |
| SUPERINTENDENT, ) | |
| IN HIS OFFICIAL CAPACITY, ) | |
| ) | |
| DEFENDANTS. ) | |

## PLAINTIFF'S ORIGINAL COMPLAINT

COMES NOW, Plaintiff Penny L. Spivey, hereinafter "Plaintiff Spivey", by and through the undersigned counsel, pursuant to Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, et seq. ("Title VII"); The Rehabilitation Act, 29 U.S.C. § 701 et seq. ("Rehab Act"); the Americans with Disabilities Act, 42 U.S.C. § 12101, et. seq. ("ADA"); 42 U.S.C. § 1983, Constitutional, First and Fourteenth Amendment violations; and State of Alabama, common law breach of contract, to remedy acts of employment discrimination and or retaliation perpetrated against her by Defendant Enterprise City Board of Education, aka Enterprise City Schools, hereinafter "ECS", and other named Defendants, and pleads as follows:

1

## A. PARTIES

1. Plaintiff Spivey is over nineteen years old and a citizen of the United States of America and a resident of the State of Alabama. At all times material to this action, until her termination on or about July 5, 2017, Plaintiff Spivey was employed by Defendants as a tenured special education teacher in the ECS public school district at Hillcrest Elementary School.

2. Defendant ECS, the Enterprise City Board of Education is also commonly known as Enterprise City Schools.

3. Upon information and belief, Defendant ECS is a public school district based in the city of Enterprise, Alabama, and all or most of the events alleged herein occurred while Plaintiff Spivey was employed by Defendant ECS in that public school district at Hillcrest Elementary School.

4. At all times relevant herein, Defendant ECS has at least fifteen employees, and is therefore an "employer" within the meaning of Title VII, the Rehab Act, and ADA.

5. Upon information and belief, Defendant Gregory S. Faught was employed as the Superintendent of ECS, at all times material to this action. Defendant Faught is sued for alleged violations of constitutionally protected rights of Free Speech, Due Process, and Equal Protection pursuant to 42 U.S.C. § 1983. Defendant Faught was acting under color of state law and in the course and scope of his employment as a Superintendent of ECS, at all times material.

## B. JURISDICTION

6. This Court has jurisdiction over the subject matter of this civil action arising under 28 U.S.C. §1331 with federal questions pursuant to Title VII of the Civil Rights Act of 1964, as

amended, 42 U.S.C. § 2000e et seq.; The Rehabilitation Act, 29 U.S.C. § 701 et seq.; the Americans with Disabilities Act; 42 U.S.C. § 12101, et. seq.; and 42 U.S.C. § 1983, Constitutional, First and Fourteenth Amendment violations. The amount in controversy herein exceeds $75,000. Plaintiff Spivey sues for violation of civil rights pursuant to 42 U.S.C. § 1983. Plaintiff Spivey further invokes the supplemental jurisdiction of this Court under 28 U.S.C. §1367(a) to hear and adjudicate state law claims.

### C. VENUE

7. Venue is proper in this district under 28 U.S.C. §1402(b) because the matters contained and pleaded herein as all incidences, facts, acts and or omissions occurred in the Middle District of Alabama.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

8. On or about December 12, 2017, Plaintiff Spivey timely filed charges of discrimination with the United States Equal Employment Opportunity Commission ("EEOC"). On or about January 23, 2018, the EEOC issued Plaintiff's Notice of Right to Sue. Plaintiff Spivey has timely filed this action and has complied with all administrative prerequisites to bring this lawsuit. The instant complaint is filed within six months after the agency's final written notice of its denial of the claim dated January 23, 2018. Recently, Plaintiff Spivey filed charges of discrimination the Department of Education, Office of Civil Rights. All conditions precedent and exhaustion of administrative remedies have been met in the Plaintiff's instant action. See Plaintiff's Composite Exhibit "1".

### E. STATEMENT OF FACTS

9. Plaintiff Spivey is a member of the class of disabled persons protected by the civil

rights laws referenced herein.

10. Plaintiff Spivey suffered a traumatic brain injury at ten years of age that necessitated the surgical removal of a right temporal lobe hematoma resulting in an ongoing disability. The Defendants knew of Plaintiff Spivey's traumatic brain injury disability and or perceived traumatic brain injury disability as all times material to this action.

11. Plaintiff Spivey suffers from medically diagnosed Adult Attention Deficit Hyperactivity Disorder ("AADHD") resulting in an ongoing disability. At all time material to this action and continuing, Plaintiff Spivey has medical treatment, monitoring, and medication for AADHD. The Defendants knew of Plaintiff Spivey's AADHD disability and or perceived AADHD disability as all times material to this action.

12. Plaintiff Spivey has been a teacher since 1999 under the State of Alabama Department of Education.

13. Plaintiff Spivey worked as a tenured special education teacher for Defendant ECS since 2002.

14. At all times material to this action, Plaintiff Spivey was employed by Defendants as a tenured special education teacher by Defendant ECS public school district at Hillcrest Elementary School, Enterprise, Alabama.

15. Plaintiff Spivey had no reprimands, suspensions or disciplinary action with the Enterprise School System until being transferred to Hillcrest Elementary School in 2014.

16. Upon transfer effective the 2014-2015 school year to Hillcrest Elementary School by Defendants as a tenured special education teacher, Plaintiff Spivey observed that the special education students were not given the appropriate care required by the law, namely providing

4

a least restrictive environment, and complained to Hillcrest administration. On or about the following school year, 2015-2016, after voicing her concerns regarding the special education students, she was removed as a special education teacher by Defendants.

17. In 2016, Plaintiff Spivey's teaching responsibilities were removed by Defendants. Plaintiff Spivey was effectively demoted by Defendants to duties of a paraprofessional and generally treated as a teacher's aide while continuing to be employed as a tenured special education teacher.

18. Plaintiff Spivey alleges that she was a victim of retaliation, hostile work environment, and retaliatory hostile work environment for attempting to protect the rights of special needs students at Hillcrest Elementary School, Enterprise, Alabama.

19. Plaintiff Spivey alleges that it is an undisputed fact that she was never reprimanded, suspended, threatened with termination, or otherwise made to suffer any disciplinary actions until she started complaining about the way the administration at Hillcrest Elementary School was treating the special education students and or until she started complaining about the fact the her teaching responsibilities and classroom were taken away from her and that she was placed in a position of a glorified teacher's aide and or until she refused to seek medical treatment and waive her physician/patient privileges by refusing to seek treatment at American Behavioral Employee Assistance Program.

20. Plaintiff Spivey alleges that an employer's requirement that an employee obtain psychological counseling constitutes a required medical examination which is prohibited by the Americans with Disabilities Act. 2.

21. On January 23, 2017, the Hillcrest Elementary School Principal, Dr Teri Prim and

Assistant Principal, Melissa Layton issued a formal letter of reprimand to Plaintiff Spivey alleging, inter alia, excessive absences and refusal to participate in the American Behavioral Employee Assistance Program.

22. On February 17, 2017, issued a formal letter recommending suspension of Plaintiff Spivey.

23. On or about February 24, 2017, Plaintiff Spivey complaining, in writing, of harassment, hostile work environment, and retaliation to Defendant Superintendant Gregory Faught. Defendant Faught acknowledged said letter at the hearing of June 27, 2017, and admitted to taking no action.

24. On February 28, 2017, a meeting of the ECS Board of Education voted to suspend Plaintiff Spivey for a period of three (3) days without pay.

25. On March 1, 2017, the ECS Board of Education notified Plaintiff Spivey by letter of said suspension.

26. On May 1, 2017, Defendant ECS issued a formal letter recommending termination that included alleged grounds that Plaintiff Spivey declined to participate in the American Behavioral Employee Assistance Program, and failure to appear at the Board meeting of February 28, 2017.

27. On May 9, 2017, Plaintiff Spivey timely filed a notice of contest and request for hearing as provided by the Students First Act of 2011, Alabama Code §16-24C-1, et seq. (1975).

28. On May 15, 2017, Defendant ECS acknowledged Plaintiff Spivey's timely contest of termination and request for hearing pursuant to Ala. Code §16-24C-6(c) of the Students First

Act.

29. On June 27, 2017, a termination hearing was held regarding Plaintiff Spivey's employment by Defendant ECS public school district at Hillcrest Elementary School, Enterprise, Alabama.

30. On July 5, 2017, Defendant ECS issued a letter notifying approval of recommendation to terminate Plaintiff Spivey.

31. Upon timely filing of administrative appeal pursuant to the Students First Act of 2011, on August 31, 2017, a hearing was held before the Hon. Justice Terry L. Butts (ret.), Hearing Officer. On September 6, 2017, the Hearing Officer issued an order affirming the termination of Plaintiff Spivey by Defendant ECS.

### F. COUNT ONE
### (Reprisal for Engaging in Protected Activities in Violation of Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)
### Against Defendant ECS

32. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

33. The Defendant's conduct as alleged at length herein constitutes retaliation based on prior protected activity in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

34. Section 704(a) of Title VII of the Civil Rights Act of 1964, <u>as amended</u>, prohibits employers from discriminating against an employee "because [she] has opposed any practice made an unlawful employment practice by this subchapter." 42 U.S.C. § 2000e-3(a).

35. Plaintiff Spivey made informal and formal complaints to Defendants' agents and employees opposing Defendants' unlawful, discriminatory employment practices based on disability.

36. As a result of Plaintiffs' complaints, Defendants' agents and employees took materially adverse actions against Plaintiffs, including, but not limited to, issuing disciplinary warnings, such as counseling; threats of termination; reprimands by supervisors aimed specifically at Plaintiff Spivey.

37. Defendants' adverse actions constituted retaliatory workplace harassment.

38. Defendants' retaliatory actions were sufficient to deter a reasonable person from engaging in protected activity under Title VII.

39. The Defendant's conduct as alleged above constitutes retaliation against the Plaintiff because she engaged in activities protected by Title VII, the Rehab Act, and the ADA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's retaliatory animus.

40. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

41. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

### G. COUNT TWO
### (Hostile and Abusive Working Environment in Violation of
### Title VII of the Civil Rights Act of 1964, 42 USC 2000e. et seq.)
### Against Defendant ECS

42. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

43. The Defendant's conduct as alleged above constitutes hostile and abusive working environment in violation of Title VII. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

44. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

45. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

### H. COUNT THREE
### (Disability Discrimination in Violation of the
### Americans with Disabilities Act (ADA) 42 USC§ 12101, et. seq.)
### Against Defendant ECS

46. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

47. The Defendant's conduct as alleged above constitutes discrimination based on disability discrimination in violation of ADA. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory

animus.

48. The ADA provides, in relevant part: "A covered entity shall not require a medical examination and shall not make inquiries of an employee as to whether such employee is an individual with a disability or as to the nature or severity of the disability, unless such examination or inquiry is shown to be job related and consistent with business necessity. "42 U.S.C. § 12112(d)(4)(A).

49. The Eleventh Circuit has joined U.S. Courts of Appeals for the Second, Sixth, Eighth and Tenth Circuits in ruling that employees without disabilities can seek relief under the ADA when their employer requires medical examinations that are not job-related and consistent with business necessity. OwusuAnsah v. The Coca-Cola Co., 715 F.3d 1306 (11th Cir. May 8, 2013).

50. An employer's requirement that an employee obtain psychological counseling constitutes a required medical examination prohibited by the Americans with Disabilities Act of 1990 (ADA). Kroll v. White Lake Ambulance Authority, 691 F.3d 809 (6th Cir. 2012).

51. Inquiries into an employee's psychiatric health may be permissible when they reflect concern for the safety of employees and the 'public at large.' "Coffman, 578 F.3d at 565 (quoting Krocka v. City of Chicago, 203 F.3d 507, 515 (7th Cir.2(00)). Wright v. Illinois Dep't of Children & Family Servs., 798 F.3d 513, 522-24 (7th Cir. 2015).

52. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other

injunctive, declaratory, and monetary relief available for discrimination at trial.

53. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## I. COUNT FOUR
### (Violation of the Rehabilitation Act of 1973, 29 U.S.C. § 710 et seq.)
### Against Defendant ECS

54. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

55. The Defendant's conduct as alleged above constitutes discrimination based on disability discrimination in violation of the Rehab Act. The stated reasons for the Defendant's conduct were not the true reasons, but instead were pretext to hide the Defendant's discriminatory animus.

56. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for discrimination at trial.

57. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## J. COUNT FIVE
### 42 U.S.C. § 1983 Violation of the First Amendment
### Against All Defendants

58. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

59. The First Amendment to the United States Constitution prohibits abridgement of the freedom of speech, and the First Amendment is incorporated against the states by the

11

Fourteenth Amendment. Persons violating the First Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

60. The First Amendment protects the right to express disagreement with Defendants, as alleged above, without fear of reprisal or retaliation.

61. Defendants, while acting under color of state law, violated Plaintiff Spivey's clearly established right against retaliation in violation of the First Amendment.

62. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for violation of her constitutional rights at trial.

63. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

### K. COUNT SIX
### 42 U.S.C. § 1983 Violation of the Fourteenth Amendment
### Due Process and Equal Protection
### Against All Defendants

64. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

65. The Due Process Clause of the Fourteenth Amendment protects against the deprivation of property without due process of law. Persons violating the Fourteenth Amendment under color of state law are liable at law and in equity under 42 U.S.C. § 1983.

66. Defendants, while acting under color of state law, violated Plaintiff Spivey's clearly

established right under the Fourteenth Amendment by depriving her of property rights and equal protection under the law as alleged above.

67. At all material times, Defendant Faught and others were acting under color of state law as agents and employees of Defendant ECS.

68. As a direct, legal and proximate result of the discrimination, Plaintiff has sustained, and will continue to sustain, economic damages to be proven at trial. As a result of Defendants' actions, Plaintiff has suffered emotional distress, resulting in damages in an amount to be proven at trial. Plaintiff further seeks compensatory and punitive damages and all other injunctive, declaratory, and monetary relief available for violation of her constitutional rights at trial.

69. Plaintiff is entitled to reasonable attorneys' fees and costs of suit.

## L. COUNT SEVEN
### (State of Alabama, Breach of Contract)
### Against Defendant ECS

70. Plaintiffs incorporate by reference as if fully set forth herein the allegations contained in paragraphs 1 through 31, above.

71. Plaintiff Spivey alleges that she was under a valid and binding contract with the Enterprise City Board of Education for the School Year 2016 - 2017.

72. Plaintiff Spivey alleges that she has fulfilled her obligations to Enterprise City Board of Education under said contract.

73. Plaintiff Spivey alleges that the Enterprise City Board of Education has failed to satisfy the terms of said contract.

74. Plaintiff Spivey alleges that the Enterprise City Board of Education is in breach of its

13

obligations of said contract.

75. Plaintiff Spivey alleges that she has suffered damages as a result of the Enterprise City Board of Education's failure to fulfill all the obligations and amounts due under said contract.

76. Plaintiff Spivey demands judgment against Defendant Enterprise City Board of Education for the entire indebtedness outstanding and due under contract, calculated as of the date of entering judgment, to include principal, all accrued and accruing interest, attorneys' fees and costs, and all other charges and fees due to Plaintiff Spivey under said contract, plus post judgment interest.

## M. PRAYER FOR RELIEF

77. WHEREFORE, Plaintiff Spivey asks for judgment against the Defendant for the following:

(a) Compensatory damages, as determined by struck jury, for suffered because of the discrimination and retaliation;

(b) Punitive damages as available under law;

(c) Reinstatement to Plaintiff's position of employment and level, with all attendant back pay, benefits and other emoluments of employment;

(d) Costs, postjudgment interest, and reasonable attorneys' fees incurred with this lawsuit with interest thereon as available under law; and

(e) Other damages and further relief as deemed just.

## N. JURY DEMAND

78. Plaintiff Spivey hereby requests trial by jury.

This the 19th day of April, 2018.

Respectfully submitted,

_____
J. Carlton Sims, Jr. (SIM091)
Attorney for Plaintiff,
Penny L. Spivey

**OF COUNSEL:**
Law Office of James Carlton Sims, Jr.
Post Office Box 373
Montgomery, AL 36101-0373
(334) 328-2294